**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT D. NICKLOW, SR,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL NO.** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **LVNV FUNDING, LLC.** | ) | |
| | ) | |
| **Defendant** | | |

## COMPLAINT

COMES NOW the Plaintiff, **ROBERT D. NICKLOW, SR.**, (hereafter the "Plaintiff") by counsel, and for his complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1.  This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

### JURISDICTION

2.  The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p).  Venue is proper as Defendants maintain its registered offices within the boundaries for the Western District of Pennsylvania, Plaintiff resides in this District and Division and significant parts of the Plaintiff's claim occurred in Virginia.

### PARTIES

3.  The Plaintiff is a natural person and resident of the State of Pennsylvania.  He is a "consumer" as defined by 15 U.S.C. §1681a(c).

4.      Upon information and belief, **LVNV FUNDING, LLC.** ("LVNV") is a foreign limited liability company, organized under the laws of the State of Delaware and doing business in the State of Pennsylvania as a debt collector of consumer debts.  At all times relevant hereto LVNV was a "furnisher" as governed by the FCRA.

## FACTS

5.   Prior to June 2010 Plaintiff obtained a copy of his credit reports with consumer reporting agencies, Equifax, Experian and Trans Union and learned that each was reporting a collection account with Citi Cards CBSD, N.A. that did not belong to him as a "Collection".

6.   On information and belief, the Plaintiff alleges that LVNV, a debt buyer, purchased the Citi Cards account and began credit reporting in its own name.  (the "LVNV Reporting").

7.    The LVNV Reporting was false.  The Plaintiff never signed the application for credit and was never legally responsible for the disputed account. The Citi Cards account was solely in Plaintiff's late wife's name, Margaret Alice Nicklow, who passed away in March 2007.

8.   On multiple occasions including dates within the previous two years, Plaintiff forwarded a written dispute regarding the Citi Cards account and the LVNV reporting to each of the credit reporting agencies, Equifax, Experian and Trans Union.

9.   Within Plaintiff's dispute letters to the credit reporting agencies, Plaintiff advised that he had not applied for, used or agreed to be responsible to pay for the account in dispute.

10.    Defendant had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the fraudulent account.

11.  Upon information and belief, Plaintiff alleges that on one or more occasions Equifax, Experian and Trans Union forwarded Plaintiff's disputes to LVNV.  Upon information and

belief, LVNV was provided notice of Plaintiff's disputes and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

12.    After receiving Plaintiff's notices of the inaccuracies and within the two years preceding the filing of this action, Equifax, Experian and Trans Union each prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate derogatory accounts.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681s-2(b)(1)(A)

13.    Plaintiff realleges and incorporates paragraph 1 through 12 above as if fully set out herein.

14.    Within two years prior to the filing of this suit, by example only and without limitation, LVNV violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's FCRA disputes through Equifax, Trans Union and Experian.

15.    As a result of this conduct, action and inaction of LVNV the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

16.    LVNV's conduct, action and inaction were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, LVNV was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

17.   The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from LVNV in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681s-2(b)(1)(B)

18.   Plaintiff realleges and incorporates paragraphs 1 through 17 above as if fully set out herein.

19.   Within two years prior to the filing of this suit, by example only and without limitation, LVNV violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies in the Plaintiff's disputes.

20.   As a result of this conduct, action and inaction of LVNV the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

21.   LVNV's conduct, action and inaction were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, LVNV was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

22.   The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from LVNV in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15U.S.C. 1681s-2(b)(1)(C)and(D)

23.  Plaintiff realleges and incorporates paragraphs 1 through 22 above as if fully set out herein.

24.  Within two years prior to the filing of this suit, by example only and without limitation, LVNV violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(C) and (D) by publishing, in response to the Plaintiff's dispute, the LVNV reporting within Plaintiff's credit file with Equifax, Experian and Trans Union without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agencies.

25.  As a result of this conduct, action and inaction of LVNV the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

26.  LVNV's conduct, action and inaction were willful, rendering Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, LVNV was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

27.  The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from LVNV in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against the Defendant, for attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

                                                    **ROBERT D. NICKLOW, SR.**,

May 16, 2012                                        By___/s James M. Pietz__
                                                    JAMES M. PIETZ
                                                    PIETZ LAW OFFICE
                                                    429 Forbes Ave., Suite 1616
                                                    Pittsburgh, PA 15219
                                                    (412) 288-4333- Telephone
                                                    (412) 288-4334 – Facsimile
                                                    E-mail:  jpietz@pietzlaw.com

                                                    LEONARD A. BENNETT, VSB
                                                    #37523
                                                    CONSUMER LITIGATION
                                                    ASSOCIATES, P.C.
                                                    763 J. Clyde Morris Boulevard, Suite
                                                    1-A
                                                    Newport News, VA 23601
                                                    (757) 930-3660 - Telephone
                                                    (757) 930-3662 - Facsimile
                                                    E-mail: lenbennett@clalegal.com

                                                    *Pro Hac Vice Counsel (to be
                                                    requested)*

                                                    SUSAN M. ROTKIS, VSB #40693
                                                    CONSUMER LITIGATION
                                                    ASSOCIATES, P.C.
                                                    763 J. Clyde Morris Boulevard, Suite
                                                    1-A
                                                    Newport News, VA 23601
                                                    (757) 930-3660 - Telephone
                                                    (757) 930-3662 - Facsimile
                                                    E-mail: srotkis@clalegal.com

                                                    *Pro Hac Vice Counsel (to be
                                                    requested)*

6