IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT D. NICKLOW, SR.,

    Plaintiff,

v.                                    Civil No. 2:12-cv-00664-MRH

LVNV FUNDING LLC,

    Defendant.

## DEFENDANT LVNV FUNDING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant LVNV Funding, LLC ("LVNV"), by and through its counsel, James McNally, Esquire, Joshua D. Baker, Esquire, and the law firm of Metz Lewis Brodman Must O'Keefe LLC, and files its Answer and Affirmative Defenses to Plaintiff's Complaint.

### ANSWER TO COMPLAINT

1.    LVNV admits that Plaintiff, Robert D. Nicklow, Sr. ("Plaintiff") has filed a Complaint in which he alleges violations of 15 U.S.C. § 1681, *et seq.* ("Fair Credit Reporting Act") and requests actual damages, statutory damages, punitive damages, costs, and attorney's fees. LVNV denies that it violated the Fair Credit Reporting Act and further denies that Plaintiff is entitled to any of the relief or damages that are alleged in the Complaint.

### JURISDICTION

2.    The allegations in Paragraph 2 constitute conclusions of law to which no response is required. To the extent a response is required, LVNV is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 2 and on that basis denies the allegations.

## PARTIES

3.     The allegations in Paragraph 3 constitute conclusions of law to which no response is required. To the extent a response is required, LVNV admits that Plaintiff is a natural person. LVNV is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 3 and on that basis denies the allegations.

4.     The allegations in Paragraph 4 constitute conclusions of law to which no response is required. To the extent a response is required, LVNV admits that it is a limited liability company organized under the laws of the State of Delaware and that it does business in the Commonwealth of Pennsylvania. LVNV is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 4 and on that basis denies the allegations.

## FACTS

5.     LVNV is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 5 and on that basis denies the allegations.

6.     Admitted.

7.     The allegations in Paragraph 7 constitute conclusions of law to which no response is required. To the extent a response is required, LVNV is without knowledge or information sufficient to form a belief regarding Plaintiff's wife or when Plaintiff's wife passed away and on that basis denies the allegations. The remaining allegations in Paragraph 7 are denied.

8.     LVNV is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 8 and on that basis denies the allegations.

9.     LVNV is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 9 and on that basis denies the allegations.

10. The allegations in Paragraph 10 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 10 are denied.

11. The allegations in Paragraph 11 constitute conclusions of law to which no response is required. To the extent a response is required, LVNV is without knowledge or information sufficient to form a belief regarding whether Equifax, Experian, or Trans Union forwarded Plaintiff's disputes to LVNV and on that basis denies the allegations. The remaining allegations in Paragraph 11 are denied.

12. The allegations in Paragraph 12 constitute conclusions of law to which no response is required. To the extent a response is required, LVNV admits that consumer reports regarding the Plaintiff were published. The remaining allegations in Paragraph 12 are denied.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-(b)(1)(A)

13. LVNV incorporates the allegations in Paragraphs 1 through 12 of its Answer and Affirmative Defenses as though the same were set forth in full.

14. The allegations in Paragraph 14 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 14 are denied.

15. The allegations in Paragraph 15 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 15 are denied.

16. The allegations in Paragraph 16 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 16 are denied.

17. The allegations in Paragraph 17 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 17 are denied.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-(b)(1)(B)

18. LVNV incorporates the allegations in Paragraphs 1 through 17 of its Answer and Affirmative Defenses as though the same were set forth in full.

19. The allegations in Paragraph 19 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 19 are denied.

20. The allegations in Paragraph 20 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 20 are denied.

21. The allegations in Paragraph 21 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 21 are denied.

22. The allegations in Paragraph 22 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 22 are denied.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-(b)(1)(C) and (D)

23. LVNV incorporates the allegations in Paragraphs 1 through 22 of its Answer and Affirmative Defenses as though the same were set forth in full.

24. The allegations in Paragraph 24 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 24 are denied.

25. The allegations in Paragraph 25 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 25 are denied.

26. The allegations in Paragraph 26 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 26 are denied.

27. The allegations in Paragraph 27 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 27 are denied.

28. In response to the allegations contained in the WHEREFORE clause of Plaintiff's Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

WHEREFORE, Defendant, LVNV Funding, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, Robert D. Nicklow, Sr. and award LVNV its costs of defending this action and such further relief the Court deems just and proper.

## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

29. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

30. LVNV did not violate the Fair Credit Reporting Act in its dealings with Plaintiff.

31. Some or all of Plaintiff's claims are barred and/or preempted by the Fair Credit Reporting Act.

32. LVNV has not breached any applicable duty of care owed to Plaintiff.

33. LVNV has not published any false statements about Plaintiff.

34. At all times relevant herein, LVNV acted in good faith and without malice or intent to injure Plaintiff.

35. Any alleged damages suffered by Plaintiff were the result of his own acts or omissions and Plaintiff's claims are therefore barred by the doctrine of contributory fault.

36. Any alleged damages suffered by Plaintiff are the result of the acts or omissions of a third person over whom LVNV has neither control nor responsibility.

37. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

38. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

39. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

40. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

41. This Court is without jurisdiction over the claims alleged in the Complaint.

42. Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

43. Plaintiff has failed to mitigate his damages, if any.

44. Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

45. Plaintiff's claims are not justiciable.

46. Any claim for punitive damages contained in the Complaint violates federal law and the United States Constitution.

47. Plaintiff's Complaint fails to join all parties required under Federal Rule of Civil Procedure 19.

48. LVNV was neither negligent nor willful with respect to any of the acts or omissions as alleged against LVNV in the Complaint.

49. At all times relevant herein, LVNV followed reasonable procedures to assure maximum possible accuracy in regards to Plaintiff as required under the Fair Credit Reporting Act.

50. LVNV made all appropriate and lawful disclosures.

51. Plaintiff's claims are barred as all information communicated by LVNV to any third person regarding Plaintiff was true.

52. Any damages which Plaintiff may have suffered, which LVNV denies, were the direct and proximate result of the conduct of Plaintiff, and therefore, Plaintiff is estopped and barred from the recovery of any damages.

53. Plaintiff's Complaint fails to state sufficient facts to support the prayer for punitive damages against LVNV.

54. Plaintiff's alleged injuries and damages were not caused by LVNV, but by independent, intervening causes which had no relation in fact to any conduct of LVNV.

55. There is no causal relation in fact between LVNV's conduct and Plaintiff's alleged injuries which form the basis of this lawsuit.

56. The amount of punitive damages claimed does not bear a reasonable relationship to the actual damages, which LVNV denies.

57. Plaintiff was legally responsible for the account.

58. LVNV reserves the right to assert additional defenses at such time and to such extent as warranted by discovery of additional facts that are relevant to this case.

WHEREFORE, Defendant, LVNV Funding, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, Robert D. Nicklow, Sr. and award LVNV its costs of defending this action and such further relief the Court deems just and proper.

Respectfully submitted,

**METZ LEWIS BRODMAN MUST O'KEEFE LLC**

Dated: July 19, 2012

/s/ Joshua D. Baker
James McNally, Esquire (Pa. I.D. #78341)
Joshua D. Baker, Esquire (Pa. I.D. #308243)
11 Stanwix Street, 18th Floor
Pittsburgh, PA  15222
Phone:  (412) 918-1100
Facsimile: (412) 918-1199
jmcnally@metzlewis.com
jbaker@metzlewis.com
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ROBERT D. NICKLOW, SR.,

    Plaintiff,

v.                          Civil No. 2:12-cv-00664-MRH

LVNV FUNDING LLC,

    Defendant.

## CERTIFICATE OF SERVICE

    I, Joshua D. Baker, Esquire, certify that I served on July 19, 2012 the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint, on the parties at the addresses listed below via United States Mail, First-Class, postage prepaid.

| | |
|---|---|
| James Pietz | Leonard Bennett, Esquire |
| Pietz Law Office | Susan M. Rotkis, Esquire |
| 429 Forbes Avenue, Suite 1616 | Consumer Litigation Associates, P.C. |
| Pittsburgh, PA  15219 | 763 J. Clyde Morris Boulevard, Suite 1-A |
| jpietz@pietzlaw.com | Newport News, VA  23601 |
| | lenbennett@clalegal.com |
| | srotkis@clalegal.com |

                                          /s/ Joshua D. Baker