**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT D. NICKLOW, SR.** )<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>**LVNV FUNDING, LLC.** )<br>)<br>Defendant.  ) | Civil Action No. 2:12-cv-0664-MRH<br>**Hon. Judge Mark R. Hornak**<br><br><br>**Electronically Filed** |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1. **Identification of counsel and unrepresented parties.**

PLAINTIFF'S COUNSEL:

    Leonard A. Bennett, Pro Hac Vice
    Consumer Litigation Associates, P.C.
    763 J. Clyde Morris Boulevard, Suite 1-A
    (Newport News, VA 23601
    (757) 930-3660
    (757) 930-3662 facsimile

    James M. Pietz
    Pietz Law Office LLC
    429 Forbes Ave, Suite 1616
    Pittsburgh, PA 15219
    (412) 288-4333
    jpietz@jpietzlaw.com

DEFENDANT'S COUNSEL:

    James McNally, Esquire
    Joshua D. Baker, Esquire
    Metz Lewis Brodman Must O'Keefe LLC
    11 Stanwix Street, 18th Floor
    Pittsburgh, PA 15222
    (412) 918-1149
    (412) 918-1199 facsimile

2. **Set forth the general nature of the case (patent, civil rights, anti-trust, class action, etc):**

The Complaint asserts that Defendant failed to comply with duties under the under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* in connection with responding to and investigating disputes made by Plaintiff that certain information maintained in his credit files was allegedly false.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The Rule 26(f) Conference was held July 17, 2012. The participants included Leonard Bennett and James Pietz for Plaintiffs and Joshua D. Baker on behalf of Defendant.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

   The Rule 16 Initial Scheduling Conference is set for July 27, 9:30 a.m.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   A Rule 12 dispositive motion will not be filed at this time.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected and specify the anticipated time frame for completion of the ADR process.**

   The Parties have mutually agreed to mediation as the specific ADR process. The Parties have agreed to mediate this matter before Patricia Dodge, Esquire. See attached Stipulation Selecting ADR Process, marked as Exhibit A.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   The Parties will make their Rule 26(a) disclosures on, or before July 27, 2012.

8. **Subjects on which fact discovery may be needed.** (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

   Plaintiff intends to take discovery on the following subject matter, including but not limited to: 1) the investigation undertaken by Defendant into the disputes asserted by Plaintiff; 2) the credit reports issued by credit reporting agencies after the disputes were made; 3) Defendant's communications with and Plaintiff and other third parties; 4) the

credit denials or inability to obtain or apply for credit suffered by Plaintiff related to credit file information reported by Defendant; and 5) the information that the tradelines reported by Defendant were false.  Defendant intends to take discovery on the following subject matter, including but not limited to: 1) Plaintiff's alleged claims as asserted in the Complaint and 2) Plaintiff's alleged damages as asserted in the Complaint.

9. **Set forth suggested dates for the following**  (See attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to)

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

   July 27, 2012

   b. **Date by which any additional parties shall be joined:**

   October 1, 2012 without prejudice to Plaintiff's rights under Fed.R.Civ.P. 17-22.

   c. **Date by which the pleadings shall be amended:**

   October 1, 2012 without prejudice to Plaintiff's rights under Fed.R.Civ.P. 15

   d. **Date by which fact discovery should be completed:**

   January 17, 2013

   e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

   f. **Date by which plaintiff's expert reports should be filed:**

   N/A

   g. **Date by which depositions of plaintiff's expert(s) should be completed**:

   N/A

   h. **Date by which defendant's expert reports should be filed:**

   N/A

   i. **Date by which depositions of defendant's expert(s) should be completed:**

   N/A

   j. **Date by which third party expert's reports should be filed:**

      N/A

    **k.**    **Date by which depositions of third party's expert(s) should be completed:**

      N/A

**10.**    **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

    The Parties do not believe that changes should be made to the limitations on discovery imposed by the Federal or Local Rules of Procedures at this time.

**11.**    **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:**

    1.    <u>ESI.</u> Is either party seeking the discovery of ESI in this case? _X___Yes _ _No
        If disputed, identify the nature of the dispute:  Plaintiff believes that documents should be produced in the form they are ordinarily maintained (Fed.R.Civ.P. 34(e))

    b.    <u>Metadata:</u>  Will any metadata be relevant in this case? _X___Yes ___No

    If yes, with respect to what ESI: Compliance and investigation procedure and policy manuals maintained by Defendant.

    If disputed, identify the nature of the dispute_____

    c.    <u>Format.</u>  Have the parties agreed on the format(s) for production of ESI? ____Yes   X_No

    If no, what disputes remain outstanding? Plaintiff believes that Defendant's PDF formatted documents should be produced in their native form.

    d.    <u>Clawback Agreement.</u>  Will the parties be using the Form inadvertent Production Provision of LCvR 16.1.D? __ ___Yes _____No <u>Not applicable</u>

    If no, will an alternative provision be proposed? ____Yes  (Please attach) ____ No

    e.    <u>Search terms.</u>  Have the parties agreed on any protocol for review of electronic data? __ ___Yes _____No <u>Not applicable</u>

      If yes, please describe:

      If no, please identify what issues remain outstanding. _____

   f.   <u>Accessibility.</u>  Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)? _____Yes __·__ No    <u>Not applicable</u>

      If no, please identify the nature of the dispute: <u>This issue is premature at this time</u>.

   g.   <u>Preservation.</u>  Are there any unresolved issues pertaining to the preservation of ESI?  If so, please describe <u>No</u>

   h.   <u>Other.</u>  Identify all outstanding issues or disputes concerning ESI <u>  None.          </u>

**12.** **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery**

      The Parties have elected to schedule a Post-Discovery Status Conference following the completion of Fact Discovery.

   **1.**   **Settlement and/or transfer to an ADR procedure;**

      N/A

   **2.**   **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference**

      N/A

   **3.**   **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

      N/A

   **4.**   **Dates by which parties' pre-trial statements should be filed;**

      N/A

   **5.**   **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

      N/A

   **6.**   **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

    N/A

 **7.**  **Dates proposed for final pre-trial conference;**

    N/A

 **8.**  **Presumptive and final trial dates.**

    N/A

**13.** **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

 None.

**14.** **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

 The Parties do not anticipate any need to appoint a special master.

**15.** **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

 The Parties have reached substantial agreement on the matters set forth herein.

**16.** **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

 Defendant has requested that Plaintiff make an initial demand.

**Respectfully submitted,**

| PLAINTIFF'S COUNSEL:<br><br>s/   James M. Pietz<br>Leonard Bennett, Pro Hac Vice<br>Consumer Litigation Associates<br>J. Clyde Morris Boulevard, Suite 1-A<br>(Newport News, Virginia 23606<br>(Newport News, Virginia 23606<br>(757) 930-3660<br>(757) 930-3662 facsimile<br><br>James M. Pietz<br>Pa I.D. No. 55406<br>Pietz Law Office LLC<br>429 Forbes Ave., Suite 1616<br>Pittsburgh, Pa. 15219<br>412-288-4333<br>jpietz@jpietzlaw.com | DEFENDANT'S COUNSEL:<br><br>s/ Joshua D. Baker<br><br>James McNally, Esquire<br>Pa. I.D. No. 78341<br>Joshua D. Baker, Esquire<br>Pa. I.D. No. 308243<br>Metz Lewis Brodman Must O'Keefe LLC<br>11 Stanwix Street, 18th Floor<br>Pittsburgh, PA 15222<br>(412) 918-1149<br>(412) 918-1199 (fax)<br>jmcnally@metzlewis.com<br>jbaker@metzlewis.com |
|---|---|
| | |